# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Submitted on Briefs November 28, 2000

## TINDELL'S, INCORPORATED v. MARY AVA PARTIN

**Direct Appeal from the Chancery Court for Campbell County**
**No. 14,709   Billy Joe White, Chancellor**

### FILED JANUARY 5, 2001

### No. E2000-01640-COA-R3-CV

---

This is a suit to recover the sales price of certain materials sold to the Defendant and to enforce a lien against certain property if the judgment rendered is not paid.  The Trial Court found in favor of the Plaintiff, resulting in this appeal, wherein the Defendant questions the introduction of certain proof and insists the preponderance of the evidence is contrary to the Trial Court's determination.  We affirm.

**Tenn.R.App.P.3 Appeal as of Right; Judgment of the Chancery Court is affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., joined.

David A. Winchester, LaFollette, Tennessee, for the Appellant, Mary Ava Partin

Edward L. Summers, Knoxville, Tennessee, for the Appellee, Tindell's, Incorporated

### OPINION

This is a suit to recover a judgment for materials sold to the Defendant, Mary Ava Partin, by the Plaintiff, Tindell's, Incorporated, which were used for construction of a cabin on property owned by her, and to enforce a materialmen's lien filed against the property.

From a judgment awarding Tindell's $4840.39, which included pre-judgment interest, and a direction that if the judgment was not paid the property subject to the lien would be sold to satisfy the judgment, Mrs. Partin appeals, raising the following two issues:

> 1.  Whether the Court erred in allowing the introduction of extrinsic or parol evidence with regards to a "cash" receipt which was given to the Defendant/Appellant.

2. Whether the evidence presented at trial preponderates against the Trial Court's decision.

Tindell's proof showed that Mr. Partin, husband of Mrs. Partin, went to Tindell's to buy certain materials to construct a cabin on a tract of land Mrs. Partin owned in Campbell County. A list of the materials required was generated by a computer. It is dated July 30, 1997, at 12:19. Mr. Partin concluded the list and items and prices were acceptable and proposed to pay the $3777.46 by a Visa charge card. When it appeared that the charge card was issued to Mrs. Partin, Mr. Partin went to the truck where she was waiting and brought her in to sign the charge slip. After signing, the materials were delivered the next morning. Some weeks later it was determined that the charge was not honored and that the bank records of Tindell's did not show any deposit in that amount.

Inquiry was made of Mr. Partin, who stated that because the final bill given him shows the type of transaction to be a cash sale the request for payment would not be honored.

Mrs. Partin's theory is that the charge card was not accepted in the first instance and that Mr. Partin thereupon went to his home where he had $4000 in cash, returned and paid for the material, which, as already noted, was supported by the bill showing "cash sale," and the time consummated–12:29.

The appellate review in this case is dictated by Tenn.R.App.P. 13, which provides for a *de novo* review with findings of fact--but not questions of law--accorded a presumption of correctness unless the preponderance of the evidence is otherwise. Wells v. Tennessee Board of Regents, 9 S.W.3d 779 (Tenn. 1999).

As to the first issue, the record shows the following direct examination of Ann Russell, sales clerk for Tindell's:

Q       Now, I notice up at the top it says  "Cash Sale -- "

A       Right.

Q       Is that correct?

A       Yes.

Q       And does that tell you he was going to pay by credit card?

A       No.

Q       I notice that the time that the computer –

MR.WINCHESTER: Your Honor, I want to enter an objection at this point. The basis of my objection is he has just introduced a document which says, "Cash Sale", which in my mind is, you know, a pretty unambiguous document here. And now she's offering oral testimony to contradict this cash sale. She's saying it's something else other than a cash sale.

THE COURT: Overrule the objection. The witness has explained to what in business terms a cash sale is. Proceed.

Earlier, the witness had testified that if the sale was by cash, check or credit card it was considered a cash sale.

We conclude that the evidence was properly admitted to explain what the term "cash sale" embraced.

As to the second issue, when the case turns on the credibility of witnesses, the judgment of the Trial Court is given great weight, and in this case it expressly found the testimony of Mr. Partin that he was able to drive from the Tindell's place of business to his home, some seven miles away through downtown LaFollette and thence over a winding road and return within 10 minutes was not credible. In doing so, the Trial Court stated the following:

[W]e're sitting here with documents, and the scenario of this matter is that at 12:19 a price quotation was made on certain documents by a computer, on 12:19 on the date in question. Both parties have testified that that was basically the first transaction between these parties.

The defendant asked for a quotation of a certain list of materials and the sales lady put it in the computer, came out with a price, gave it to him, he agreed to purchase it. He submitted -- after going out and bringing his wife in and so forth, they submitted a credit card application that's of record. And this transaction was closed at 12:29.

The Court has to consider those time elements strongly, being ten minutes. And the testimony, having no personal knowledge of how far it is from Tindell's, certainly the odometer is in the reasonable range of correctness of about 14.1 miles round trip with eight traffic lights. The Court has to find that it would be generally impossible to make that trip in that period of time. Plus, this credit card transaction and so forth.

So the Court has to weight the evidence and weigh the credibility of the parties, and the Court finds that the plaintiff has not been paid for these materials. They're entitled to a judgment for the amount sued for plus prejudgment interest.

We conclude the evidence adduced does not preponderate against but strongly supports the determination of the Trial Court.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment rendered and costs below, or sale of the property in satisfaction thereof. Costs of appeal are adjudged against Mrs. Partin and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE